JAMES MUIRHEAD v. JAMES DEWEY ET AL.

*Agreement for collection of judgment.*

An agreement to pay a justice's clerk for collecting a judgment rendered by the justice did not sustain a recovery on evidence that after the parties had concluded to let the matter rest for a time, the judgment creditor directed the justice to accept time notes for the amount, and the clerk obtained the notes and delivered them to him.

Error to Wayne. Submitted April 11. Decided April 16.

ASSUMPSIT by Muirhead against James and Ziba Dewey, co-partners as James Dewey & Son, on an agreement made by them to pay Muirhead, who was clerk for Justice Potter, to collect for them a judgment theretofore rendered before the justice, in favor of Dewey, Middleworth & Co. and against James Mackey. Defendants had judgment below and plaintiff brings error.

*Charles Kudner* for plaintiff in error. A party to an agreement can waive the manner of performance by modifying the contract, *Bishop v. Busse*, 69 Ill., 403; *Hewitt v. Brown*, 21 Minn., 163; *Peer v. Kean*, 14 Mich., 354; and if the other party follows his directions in executing it, he cannot complain of the manner of performance, *Kansas R. R. v. McCoy*, 8 Kan., 538; *Garrison v. Dingman*, 56 Ill., 150; *Pike v. Nash*, 3 Abb. (N. Y.), 610; *Ketchum v. Zeilsdorff*, 26 Wis., 514; *Duffy v. O'Donovan*, 46 N. Y., 223.

*Cleaveland Hunt* for defendant in error, cited *Hickey v. Baird*, 9 Mich., 32.

MARSTON, J. The court was right in charging the jury that plaintiff had not shown such a performance of the agreement to collect the judgment as would entitle him to recover. The plaintiff testified "that in January, 1875, I spoke to the defendant James Dewey about his collections, and he said he had a judgment in their favor against one Mackey, and spoke to me about collecting it, and said that if I would collect it they would give $50. I agreed to do it. I thereupon had an execution issued on said judgment, and gave it to William W. Witherspoon, a constable, and directed him to collect it; that Witherspoon reported to me that he had called upon Mackey two or three times, and I instructed him what to do. I afterwards had a conversation with Mr. Dewey about making a levy on Mackey's interest when he was in partnership with a Mr. Dee, in which I understood that Mackey would pay the judgment in the fall, and we came to the conclusion to let the matter rest there."

In the fall defendants, by letter addressed to the justice before whom the judgment had been rendered, directed him to accept the judgment debtor's notes payable in three, six and nine months in satisfaction of the judgment and costs. The justice handed this letter to plaintiff, who was a clerk in his office, and he procured the notes and delivered them to defendants. It did not even appear that these notes had been paid. Clearly this evidence fell short of showing a performance of the contract. The plaintiff had not succeeded in collecting the judgment when he agreed with defendants that no farther steps should be taken before a certain time. And before any farther or other proceedings had been taken, another person was instructed to accept of the judgment debtor's notes in satisfaction of the judgment. The fact that the plaintiff in this case,

instead of the person to whom the letter was addressed, procured and delivered over the notes could give him no greater rights than though he had been ignorant of such a settlement, or had taken no part therein.    Such a settlement was not a collection of the judgment within the meaning of the agreement entered into between the parties.

The judgment must be affirmed with *costs.*

The other Justices concurred.